Ruffin, Chief Justice.
The judgment ought not, we think, to be reversed for any of- the causes set forth in the exceptions.
A previous suit for the same cause of action is, undoubtedly, both a notice and a demand of the plaintiff’s claim.
Although the statute uses the term “ compelled,” yet in our opinion, it is not necessary, to enable one co-surety to have contribution from another, that the former should pay the debt under the compulsion of a judgment'and execution. The word is rendered appropriate by the known repugnance of a surety to pay the debt of his principal, if it can be avoided. Therefore he may be said to be compelled by his contract and the default of his principal. The Legislature could not have meant to require a litigation so needless; for it is to be, remembered that the insolvency of the principal is presupposed, and indeed, the objection does not even require that he should be sued, but only the surety.
When the principal makes default, the surety is not obliged to incur the expense of a suit, but may, of his own accord, do that to which he might be coerced by action; and if he cannot obtain indemnity from the principal by reason of his insolvency, he may justly and legally claim contribution from one who assumed jointly with him the responsibility of sure-tiship. ,
The defendant has no reason to complain of the instructions as to the period at which the insolvency must have arisen, and during which it must continue, in order' to give the action between the sureties. We indeed, are not aware of any authority or reason why the action will not lie, although the principal was solvent when the surety paid the money; provided he subsequently became insolvent before the surety received payment, or had a reasonable time to prosecute a suit against him to judgment. The object of the act was to do away the necessity of going into a Court of *461 Equity, and therefore whenever the facts occur which constitute the merits of the case of that party who paid the money, the legal jurisdiction for his relief also arises. In this case, however, the insolvency existed from the day the surety paid the debt to that on which he brought suit; which must certainly be sufficient.
Per Curiam. Judgment affirmed.